**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 07 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MONICA NAPOLES, | No. 09-72838 |
| Petitioner, | Agency No. A070-818-532 |
| v. | |
| ERIC H. HOLDER JR., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 1, 2010[**]
Seattle, Washington

Before: HAWKINS and McKEOWN, Circuit Judges, and WHELAN, Senior
District Judge.[***]

Petitioner Monica Napoles ("Napoles") petitions for review of a final removal

order issued on August 5, 2009, by the United States Department of Homeland

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Thomas J. Whelan, Senior United States District Judge for the Southern District of California, sitting by designation.

Security ("DHS").  The sole issue is whether DHS properly reinstated an order of removal against Napoles, who had been granted voluntary departure but failed to depart the United States on or before June 5, 1996, as required.

One day prior to the expiration of her voluntary departure period, Napoles filed a request for extension, which was denied on June 14, 1996.  Napoles basically argues that this court should hold that the filing of her extension request tolled the voluntary departure period, *and* that she should be given a reasonable amount of time after the denial of the extension (she suggests 30 days) to comply with that order.  She argues that therefore she departed voluntarily and not under an order of deportation, and there is no deportation order to reinstate.

However, even assuming without deciding that Napoles is correct that the voluntary departure clock should be tolled while her request for extension was pending, tolling does not otherwise *extend* the amount of time granted for voluntary departure.  *See Barroso v. Gonzales*, 429 F.3d 1195, 1206 (9th Cir. 2005) (addressing tolling during pendency of motion to reopen).  In other words, tolling will *stop* the clock, but it does not add days *to* the clock; the number of days remaining on the departure clock remain the same after the tolling period ends.  *See Desta v. Ashcroft*, 365 F.3d 741, 747 (9th Cir. 2004) ("While we are stopping the clock from running on

2

the time petitioner has to depart voluntarily, we are not adding more time to that clock.").

Although given nine months to depart, Napoles waited until there was only one day remaining in the voluntary departure period to file her request for an extension. Thus, she had only one day following the denial on June 14 to voluntarily depart the United States. As such, by at least June 15 the voluntary departure order converted to an order of removal, which was properly subject to reinstatement under 8 U.S.C. § 1231(a)(5).[1]

PETITION DENIED.

---

[1]Because of our conclusion, we need not reach Napoles' alternative argument that she would not be subject to reinstatement if she is deemed to have voluntarily departed.